UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CR-00183 ZMB SRW |
| | ) | |
| IVAN SAID HENRIQUEZ COREA, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED MOTION FOR PRETRIAL DETENTION AND HEARING.**

The United States of America, by and through the United States Attorney for the Eastern District of Missouri, respectfully moves for an order detaining Defendant pending trial under the Bail Reform Act, 18 U.S.C. § 3142 in that no condition or combination of conditions will reasonably assure Defendant's appearance as required or the safety of any other person and the community. In support, the United States states as follows:

**I. Charges**

On April 22, 2026, Defendant was charged by indictment with the following offenses:

a.)     Conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, punishable by 21 U.S.C. § 841(b)(1)(B);

b.)     Conspiracy to traffic in firearms, in violation of 18 U.S.C. § 933(a)(3);

c.)     Conspiracy to straw purchase firearms, in violation of 18 U.S.C. § 932(b)(1);

d.)     Six counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), punishable under 21 U.S.C. § 841(b)(1)(C); and

e.)     Five counts of possession of a firearm by an alien illegally or unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5).

The cocaine conspiracy alone exposes Defendant to a mandatory minimum term of five years and a maximum term of forty years' imprisonment. Each individual count of cocaine distribution have a maximum term of twenty years.   The firearms-possession counts, firearms-trafficking conspiracy, and straw-purchasing conspiracy charges each expose Defendant to additional substantial penalties, including up to fifteen years' imprisonment per count.

### II. The Bail Reform Act Authorizes Detention and the Presumption Applies

The Court must detain Defendant if, after a hearing, it finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e), (f).   Further, a detention hearing is authorized § 3142(f)(1)(C) because this case involves a Controlled Substances Act offense for which a maximum term of imprisonment of ten years or more is prescribed. A hearing is also authorized under § 3142(f)(1)(E) because this case involves felony offenses involving the possession of firearms, and under § 3142(f)(2)(A) because Defendant presents a serious risk of flight.

The rebuttable presumption of detention applies under § 3142(e)(3)(A). The grand jury's return of an indictment establishes probable cause to believe Defendant committed the charged serious drug-trafficking offense. Because Defendant is charged with conspiring to distribute and distributing 500 grams or more of cocaine, punishable under § 841(b)(1)(B), the statutory presumption that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community is triggered.

Once the presumption applies, Defendant bears a limited burden of production. Even if Defendant satisfies his burden of production, "the presumption favoring detention does not

disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

**III. Section 3142(g) Factors Support Detention**

A. Nature and Circumstances of the Offenses

The nature and circumstances of the charged offenses strongly favor detention. Defendant is charged with participating in a cocaine-distribution conspiracy involving 500 grams or more of cocaine, six substantive cocaine distributions, firearms trafficking, straw purchasing firearms, and five separate counts of possessing firearms while being an alien illegally or unlawfully in the United States. Indeed, as explicitly enumerated in the § 3142 language, drug trafficking is inherently dangerous. Further, the danger is magnified when paired with illegal firearm possession. The charged conduct reflects access to controlled substances, repeated distribution activity, and repeated involvement with firearms despite Defendant's prohibited status to possess those firearms.

B. Weight of the Evidence

The weight of the evidence also favors detention. The Government's evidence includes recorded controlled purchases of ounce-level quantities of cocaine, AR-style pistols with high-capacity magazines, and other semi-automatic pistols directly from Defendant on six or more separate occasions beginning in late 2025 and continuing as recently as March 2026. On each occasion, FBI investigators monitored and observed Defendant exchange cocaine, firearms, or both. The firearms at issue were designed principally for tactical or self-defense use, not for hunting or traditional sporting purposes. Defendant's alleged trafficking of these weapons substantially heightens the danger to the community because such firearms are concealable or

3

readily deployable, capable of rapid fire, and particularly dangerous when introduced into drug-trafficking activity.   Further, the evidence is not limited to a single transaction, a single firearm, or an isolated lapse in judgment. Rather, the charged conduct reflects a repeated pattern of cocaine distribution and unlawful firearm possession and transfer over a period of months.

C. Defendant's History and Characteristics

Defendant's history and characteristics further support detention. Defendant is a citizen and national of Honduras and is illegally present in the United States. He lacks lawful immigration status, lacks authorization to remain in the United States, and faces the possibility of immigration proceedings and removal. Those facts substantially increase his risk of flight and make ordinary release conditions inadequate.

Defendant also faces severe federal penalties, including a mandatory minimum sentence and a maximum sentence of forty years on the cocaine conspiracy count alone, plus substantial additional exposure on the firearm-trafficking, straw-purchasing, cocaine-distribution, and § 922(g)(5) counts. The seriousness of Defendant's sentencing exposure creates a powerful incentive to avoid prosecution.

No condition or combination of conditions (including bond, third-party custody, location monitoring, surrender of travel documents, reporting requirements, or travel restrictions) can reasonably assure Defendant's appearance. Defendant's lack of lawful status means he is not similarly situated to a defendant with lawful residence, stable immigration status, and established lawful ties to the community. Electronic monitoring would not prevent flight; it would merely notify the Court after Defendant had absconded.

D. Danger to the Community

Defendant also poses a serious danger to the community. The charged conduct combines cocaine trafficking, firearms trafficking, straw purchasing, and repeated unlawful possession of firearms. Congress has specifically identified serious drug-trafficking offenses as offenses for which detention is ordinarily appropriate, as reflected in the presumption under § 3142(e)(3)(A). Defendant's alleged possession and transfer of firearms while unlawfully present in the United States demonstrates that he had access to firearms, was willing to possess firearms despite being prohibited from doing so, and was willing to place those firearms into the stream of commerce. The danger is especially acute because the firearms were allegedly trafficked in connection with repeated cocaine-distribution activity.

The combination of narcotics trafficking and firearms creates a substantial risk of violence, intimidation, retaliation, and continued criminal conduct. Conditions of release cannot reasonably protect the community because any such conditions would depend on Defendant's voluntary compliance, despite the charged conduct showing repeated disregard for the law.

**IV. Conclusion**

This case involves a serious Controlled Substances Act offense carrying a maximum term of imprisonment greater than ten years, multiple felony firearms offenses, and a serious risk of flight. A detention hearing is therefore authorized under § 3142(f)(1)(C), § 3142(f)(1)(E), and § 3142(f)(2)(A), and the rebuttable presumption under § 3142(e)(3)(A) applies.

Defendant has not rebutted the presumption. In any event, the presumption remains a factor weighing in favor of detention. Considering the nature and circumstances of the offenses, the weight of the evidence, Defendant's history and characteristics, his lack of lawful immigration

5

status, his substantial sentencing exposure, and the danger posed by the charged combination of cocaine trafficking and firearms trafficking, no condition or combination of conditions will reasonably assure Defendant's appearance as required or the safety of any other person and the community.

WHEREFORE, the Government respectfully requests that this Court order Defendant detained pending trial and set a detention hearing for three (3) days from the date of the defendant's initial appearance.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ John R. Mantovani
JOHN R. MANTOVANI #50867MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
John.Mantovani@usdoj.gov